IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **ROBERT GREEN, SETH KRENZELAK,** **JOSHUA HAWK and MIKE JONES** | **PLAINTIFFS** |
| vs. | No. 2:16-cv-___ |
| **BASS FISHING & RENTALS, LLC,** **and STEVEN JOHNSTON** | **DEFENDANTS** |

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Robert Green, Seth Krenzelak, Joshua Hawk and Mike Jones ("Plaintiffs"), by and through their attorney Chris Burks of Sanford Law Firm, PLLC, and for their Original Complaint against Defendants Bass Fishing & Rentals, LLC ("Bass"), and Steven Johnston (collectively referred to as "Defendants") in support thereof do hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiffs overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

### II.   JURISDICTION AND VENUE

2. The United States District Court for the Western District of Pennsylvania

has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the Pittsburgh Division of the Western District of Pennsylvania; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

4. Plaintiff Robert Green is an individual and resident of Northumberland County, Pennsylvania.

5. During the time relevant to this lawsuit, Green was employed by Defendants as a Shop Foreman and was paid an hourly wage.

6. Plaintiff Seth Krenzelak is an individual and resident of Washington County, Pennsylvania.

7. During the time relevant to this lawsuit, Krenzelak was employed by Defendants as a hand and was paid an hourly wage.

8. Plaintiff Joshua Hawk is an individual and resident of Northumberland County, Pennsylvania.

9. During the time relevant to this lawsuit, Hawk was employed by Defendants as a Shop Foreman and was paid an hourly wage.

10. Plaintiff Mike Jones is an individual and resident of Monmouth County, New Jersey.

11. During the time relevant to this lawsuit, Jones was employed by Defendants in a variety of positions, including Shop Foreman, and was paid an hourly

wage.

12. Bass is a for-profit, foreign limited liability company created and existing under and by virtue of the laws of the State of Texas and registered to do business in the State of Pennsylvania, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

13. Bass's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. During each of the three years preceding the filing of this Complaint, Bass employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the oil and gas industry.

15. Steven Johnston is an individual who resides in the State of Texas.

16. Johnston controls the day-to-day operations of Bass, or has the right so to control Bass, that he is liable to Plaintiff and the class members identified herein as an employer under the FLSA.

17. Johnston hired Plaintiffs and many class members.

18. Johnston established and maintained the policies at issue in this case.

### IV.   FACTUAL ALLEGATIONS

19. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

20. Within three years prior to the filing of this case, Defendants hired Plaintiffs to perform duties as hands and/or Shop Foremen.

21. As hands and/or Shop Foremen, Plaintiffs' primary duty was manual labor. Plaintiffs' duties were to assist in fracking oil and gas wells and to operate, maintain, set-up, disassemble, and repair equipment at the wells.

22. In all weeks in which Plaintiffs performed their manual labor, Defendants paid Plaintiffs an hourly wage.

23. Defendants also paid Plaintiffs an overtime premium for the weeks in which Plaintiffs worked more than forty hours per week.

24. Plaintiffs worked more than forty hours per week on a regular, typical basis while working for Defendants.

25. Defendants kept track of Plaintiffs' hours via a scanner that required Plaintiffs to scan their hands when they clocked in.

26. The scanner used by Defendants automatically clocked Plaintiffs out at midnight, regardless of whether Plaintiffs were still working.

27. Plaintiffs were not paid for all of the hours between midnight and the time they actually left the yard.

28. Plaintiffs should have been paid 1.5 times their regularly rate for all the hours they worked over 40 in each work week.

## V. LEGAL ALLEGATIONS

29. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

30. Plaintiffs assert this claim for damages and declaratory relief pursuant to

the FLSA, 29 U.S.C. § 201, *et seq.*

31. At all relevant times, Defendants have been, and continue to be, Plaintiffs' "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

33. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

34. Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

35. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

36. Defendants' failure to pay Plaintiffs all overtime wages owed was willful.

37. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs Robert Green, Seth Krenzelak, Joshua Hawk and Mike Jones respectfully pray for declaratory relief and damages as follows:

A.  That Defendants each be summoned to appear and answer herein;

B.  That Defendants each be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C.  A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

F.  An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFFS ROBERT GREEN, SETH KRENZELAK, JOSHUA HAWK and MIKE JONES**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Chris Burks*
Chris Burks
Ark. Bar No. 2010207
Admitted Pro Hac Vice
chris@sanfordlawfirm.com